UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00079-GNS-LLK

**MICHAEL TAYLOR**                                                                                                                       **PLAINTIFF**

**v.**

**NANCY A. BERRYHILL, Acting Commissioner of Social Security**                                **DEFENDANT**

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The Court referred the matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. (Docket # 11.) The fact and law summaries of Plaintiff and Defendant are at Dockets # 15 and 16, and the matter is ripe for determination.

Conclusory argument in support of judicial disturbance of the Commissioner's final decision that are presented "in a perfunctory manner, unaccompanied by some effort at developed argumentation" are deemed waived or forfeited. *Hicks v. Comm'r of Soc. Sec.*, 909 F.3d 786 n. 8 (6th Cir., 2018) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)). It is insufficient that a Plaintiff "mention a possible argument in a most skeletal way," leaving the court to put flesh on its bones. *Id.*

Plaintiff makes four arguments. (Docket # 15). Because they are all conclusory and do not develop a sufficient legal or factual basis, they are waived. Therefore, the RECOMMENDATION will be that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### First Argument

The Administrative Law Judge ("ALJ") found that Plaintiff suffers from the following severe, or vocational significant, medical impairments: 1) Status post right L5-S1 laminectomy and discectomy in 2011; 2) Depressive disorder; 3) Degenerative disc disease of the lumbar and cervical spine; 4) History of transient ischemic attack in 2012; 5) Hypertension; and 6) Anxiety. (Administrative Record ("AR") at 12).

Plaintiff's first argument is that "the ALJ erred in failing to find that [his impairments] either met or equaled Listing 1.00 [of Appendix 1 of the regulations] in regard to his back condition." (Docket # 15 at 2).

No specific medical impairment is listed at Listing 1.00. Listing 1.00 is simply an introduction to impairments of the "musculoskeletal system" such as major dysfunction of a joint (Listing 1.02) and disorders of the spine (Listing 1.04). Plaintiff does not identify which specific Listing he alleges his back condition satisfies, and he does not give page references to the administrative record showing that each clinical criterion of a Listed impairment is satisfied. Therefore, his argument is waived.[1]

Alternatively, Plaintiff's argument is unpersuasive. Plaintiff alleges that the evidence shows that he has "difficulty with ambulation." (Docket # 15 at 2 referencing AR at 552). Listings 1.02(A) and 1.04(C) are predicated, in part, on an "inability to ambulate effectively, as defined in 1.00B2b." To the extent Plaintiff is arguing that his back conditions satisfies Listings 1.02(A) and/or 1.04(C), the argument is unpersuasive for two reasons. First, the evidence at AR 552 consists of a May 2016 progress note, which states that Plaintiff's pain is "aggravated by prolonged standing." (AR at 552.) This does not prove that Plaintiff has significant difficulty ambulating. Second, even if Plaintiff does have significant difficulty ambulating, this does not satisfy the Listings. An inability to ambulate effectively means an "extreme limitation of the ability to walk." Listing 1.00B2b(1). Ineffective ambulation is generally defined "as having insufficient lower extremity functioning ... to permit independent ambulation without the use of a hand-held assistive device(s) that limits the function of both upper extremities." *Id.* A person ambulates

---

[1] Application of the waiver rule is particularly appropriate here because Plaintiff is alleging that he suffers from an impairment satisfying the Listing. Plaintiff carries the burden of proof at the Listing step of the sequential evaluation process, and reviewing courts construe this burden strictly because the Listing represents an automatic screening in of an impairment as per-se disabling (independently of any other medical or vocational factor). *See Sec'y of Health & Human Services v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a listed impairment's] criteria, no matter how severely, does not qualify."); *Elam ex rel. Golay v. Comm'r*, 348 F.3d 124, 125 (6th Cir., 2003) ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment.").

effectively if he is "capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living ... [and can] travel without companion assistance to and from a place of employment."  Section 1.00B2b(2).  There is no allegation or evidence that Plaintiff requires a walker, two crutches, or two canes to walk.  The ALJ found that Plaintiff drives himself to doctor appointments, goes to the grocery, visits family, goes fishing, and walks up and down the hall of his apartment complex as part of his therapy.  (AR, p. 16.)

## Second Argument

Plaintiff's second argument is that "the ALJ erred in failing to find that [his impairments] either met or equaled Listing 12.00."  (Docket # 15 at 3).

No specific medical impairment is listed at Listing 12.00.  Listing 12.00 is simply an introduction to "mental impairments" such as depressive, bipolar and related disorders (Listing 12.04) and anxiety and obsessive-compulsive disorder (Listing 12.06).  Plaintiff does not identify which specific Listing he alleges his mental impairment satisfies.  Therefore, his argument is waived

Alternatively, Plaintiff's argument is unpersuasive.  Plaintiff cites the August 2017 completion by his treating psychiatrist, Syed Umar, of the Residual Functional Capacity Questionnaire for Psychiatric Disorders.  (Docket # 15 at 3 referencing AR at 710-14).  Among other things, Dr. Umar found that Plaintiff has:  1) "Moderate" restriction of the activities of daily living; 2) "Marked" difficulties in maintaining social functioning; 3) "Moderate" deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner; and 4) "Experienced repeatedly (3)" episodes of decompensation in any setting which cause the patient to withdraw from that situation or to experience exacerbation of signs and symptoms.  (AR at 712-13).  These findings correspond to the language of former Listings 12.04(B) and 12.06(B) and, if the ALJ had accepted these findings, this would have satisfied the former Listings.

To the extent Plaintiff's argument is that his mental impairment satisfies former Listings 12.04(B) and/or 12.06(B), the argument is unpersuasive for two reasons.  First, the ALJ's December 2017 decision

was based on the version of the Listings that went into effect in January 2017, 81 Fed. Reg. 66138, 2016 WL 5341732 (AR at 13), and the new version does not correspond to Dr. Umar's findings.  Second, assuming for the sake of argument that satisfying the old version satisfies the new version, the ALJ gave "little weight" to Dr. Umar's findings because they are "not consistent with the record as a whole" and "[t]here is no evidence of decompensation" (much less three episodes).[2]  (AR at 20 referencing AR at 712-13).  Therefore, Plaintiff has not shown that his mental impairment satisfies the former Listings.

### Third Argument

Plaintiff's third argument is that "the ALJ erred in determining that [he] could engage in substantial gainful activity."  (Docket # 15 at 4).  The argument consists almost entirely of a conclusory assertion that, due to Plaintiff's pain and use of pain medication, he is unable to maintain attention and concentration sufficiently to perform any type of work.  Because the argument does not develop a sufficient legal or factual basis, it is waived.

### Fourth Argument

Plaintiff's fourth and final argument is that "the ALJ erred in failing to consider the combined effects of [his] impairments."  (Docket # 15 at 4).  The argument consists almost entirely of a conclusory assertion that the ALJ failed to consider the combined effect of impairments at each step of the sequential evaluation process as required by 20 C.F.R. § 404.1523.  Because the argument does not develop a sufficient legal or factual basis, it is waived.

---

[2] Plaintiff cites some hospitalizations due to physical and mental symptoms. (Docket # 15 at 3 referencing AR at 330-38, 367-68).  However, these hospitalizations do not count toward satisfying the Listings because there is no allegation or evidence that the hospitalizations constituted "three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks."  Listing 12.00(C)(4).

### RECOMMENDATION

The Magistrate Judge RECOMMENDS that the Court AFFIRM the final decision of the Commissioner and DISMISS Plaintiff's complaint.

March 11, 2019

**Lanny King, Magistrate Judge**
**United States District Court**

### NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

March 11, 2019

**Lanny King, Magistrate Judge**
**United States District Court**